# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| FLOYD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4035-CV-C-NKL |
| | ) | |
| KEITH SCHAFFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Floyd Jackson, an inmate confined in Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks injunctive and monetary relief against named defendants of Fulton State Hospital. Plaintiff alleges that he has been improperly transferred to the ward that provides treatment to individuals who have had criminal charges against them. Plaintiff alleges he is denied proper mental health treatment, in violation of his constitutional rights. Plaintiff alleges he has a guardian appointed on his behalf; however, the guardian is not looking out for his best interests because the guardian should have placed him within Fulton State Hospital where he could be properly cared for and treated.

Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the

filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

Upon review, plaintiff's claims should be dismissed, without prejudice, on abstention grounds. The abstention doctrine provides that federal courts should abstain from meddling in ongoing state proceedings. See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943). See also Younger v. Harris, 401 U.S. 37, 46 (1971). Here, the appointment of a guardian by the state for the plaintiff requires review by the state at least annually, pursuant to Mo. Rev. Stat. § 475.082. Moreover, pursuant to section 475.082.5, plaintiff may petition the state court for review in the guardianship case, upon allegations that his guardian is not discharging his/her responsibilities or has not acted in plaintiff's best interests. Accordingly, because there are ongoing proceedings in the state court case which appointed plaintiff's guardian and because plaintiff has adequate opportunity to request a review by proceeding in that case, plaintiff's claims should be dismissed on abstention grounds.

IT IS, THEREFORE, RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e), on abstention grounds.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 23rd day of April, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge